1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL FIORITO,                    No.  2:22-cv-2269 WBS AC P

12                 Petitioner,

13        v.                              ORDER

14   FIKES,

15                 Respondent.

16

17        Petitioner, a federal prisoner, proceeds on a writ of habeas corpus pursuant to 28 U.S.C.

18   § 2241 and has requested leave to proceed in forma pauperis.  Examination of the in forma

19   pauperis application reveals petitioner is unable to afford the costs of this action.  ECF No. 2.

20   Accordingly, leave to proceed in forma pauperis is granted.[1]  28 U.S.C. § 1915(a).

21        This action was originally filed in the United States District Court for the District of

22   Minnesota and subsequently transferred to this district.  ECF Nos. 1, 11.  After this action was

23   transferred to this district, petitioner filed what appeared to be an amended petition.  ECF No. 15.

24   However, inspection of the petitions, coupled with review of petitioner's request for clarification

25   _____

26   [1]  Although the application is missing the required certificate by authorized personnel, the court
     takes judicial notice of petitioner's application, filed in Fiorito v. Brewer, No. 2:23-cv-0206 AC
27   (E.D. Cal.), at ECF No. 2, which includes the required certification.  See United States v. Wilson,
     631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other
28   cases." (citations omitted)); Fed. R. Evid. 201(b)(2)).

                                          1

filed in <u>Fiorito v. Brewer</u>, No. 2:23-cv-0206 AC (E.D. Cal.), at ECF No. 13, reveals that the amended petition challenges a separate disciplinary violation than that challenged in the original petition and was intended to be filed as a separate action.  The Clerk of the Court will therefore be directed to strike the amended petition from the record and file it as an original petition in a new § 2241 action, *nunc pro tunc* as of February 27, 2023, along with a copy of the application to proceed in forma pauperis and a copy of this order.  A separate order directing a response will be issued once the new action is opened.

With respect to the original petition, upon which this action now proceeds, because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondent will be directed to file a response to the petition.  In light of petitioner's assertion that he was supposed to be released in July or August of 2023 (ECF No. 15 at 3), respondent will be required to respond to the petition within thirty days and no extensions of time will be granted.[2]

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  The Clerk of the Court is directed to file petitioner's February 27, 2023 document (ECF No. 15) as an original petition in a new § 2241 action, *nunc pro tunc* as of February 27, 2023, along with copies of petitioner's motion to proceed in forma pauperis (ECF No. 2) and the instant order.

3.  The Clerk of the Court is directed to relate the new action to the instant action, assign the action to the undersigned magistrate judge, and make appropriate adjustment in the assignment of civil cases to compensate for this direct assignment.

4.  The Clerk of the Court is directed to strike the February 27, 2023 document (ECF No.

---

[2]  The court acknowledges that the "notice" filed by respondent indicates that petitioner's projected release date is September 5, 2024.  ECF No. 16 at 3.  However, considering petitioner's multiple challenges to the calculation of his release date, absent evidence that the Bureau of Prison's calculation is correct, the court will assume petitioner's calculation to be correct and this action should therefore be expedited.  Respondent's "notice" further indicates that petitioner's records have long since been requested from the Bureau of Prisons (<u>id.</u>), meaning there should be no delays attributable to obtaining documentation.

15) from the record of the instant action and this case proceeds on the original petition (ECF No. 1).

     5.  Respondent is directed to file a response to the petition within thirty days from the date of this order.  No extensions of time will be granted.  If an answer is filed, respondent shall include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the application.

     6.  If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer.

     7.  If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter.

     8.  The Clerk of the Court shall serve a copy of this order together with a copy of both of petitioner's applications for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF Nos. 1, 15) on the United States Attorney.

DATED: January 8, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3